OPINION OF THE COURT
Joseph J. Dawson, J.
In Matter of Lopez v Evans (25 NY3d 199 [2015]), the Court of Appeals held “that when a parolee lacks mental competency to stand trial, it is a violation of his or her due process rights to conduct a parole revocation hearing.” (Id. at 202.) Because the basis for the parole revocation in Lopez had been conduct for which he had been found unfit to stand trial, his counsel sought an adjournment to evaluate his mental condition. The application was denied and his parole was revoked. He commenced a CPLR article 78 proceeding, seeking to annul the parole revocation on due process grounds. Although the Supreme Court dismissed the petition, the Appellate Division reversed, suggesting, in dicta, that the Parole Board’s statutory power necessarily includes authority to determine, in accordance with due process, whether a parolee who has allegedly violated his or her conditions of release is mentally competent to participate in a violation proceeding. (See id. at 205.)
In affirming, the Court of Appeals did not necessarily endorse that dicta. Instead, after establishing the principle that it would violate due process to have a parole revocation hearing during which the parolee could not meaningfully participate due to mental incapacity, the Court examined assorted matters of public policy, procedural difficulties and practical problems associated with this area. The Court did not presume to solve any of these issues by judicial fiat. Instead, the Court stated,
“[b]ecause the issue is not presented in this case, we express no view on the Parole Board’s authority to make competency determinations in cases unlike this one where there has not been a recent judicial determination of incompetency. We note only that it seems clear that there are statutory concerns that the legislature should address.” (Id. at 209.)
*971 “In light of our concerns about the application of the pertinent statutes to such individuals,” the Court observed, “we urge the legislature to address the issues raised by the parties to this litigation.” (Id. at 202.)
Currently before Governor Cuomo is a bill passed by both the Assembly and Senate that would permit an employee of the Parole Board, a hearing officer, or a parolee’s counsel to invoke the Supreme Court’s jurisdiction to resolve matters of this kind. Currently before me is a writ based upon a parole revocation in which both sides suggest that there is a genuine question as to the petitioner’s mental capacity. Both sides urge this court to invoke section 2-b (3) of the Judiciary Law and essentially breathe life into the proposed statute before it is signed.
The court declines to do this. Section 2-b (3) of the Judiciary Law is generally used only as an incident to judicial power, to preserve a court’s jurisdiction, or to carry out responsibilities that have already been conferred upon a judge. (See e.g. People v Wrotten, 14 NY3d 33, 37 [2009]; People v Ricardo B., 73 NY2d 228, 233 [1989].) Section 2-b (3) is not a device through which a court may arrogate legislative power to itself. Yet, petitioner and respondents would have this court do just that.
Specifically, they would have the court invoke Judiciary Law § 2-b (3) and “order” a mental examination along the lines envisioned in article 730 of the Criminal Procedure Law, and then have the result bind the Division of Parole in connection with the revocation matter that is pending against petitioner. For purposes of this case, then, I effectively would be lifting the pen from Governor Cuomo’s desk, signing the bill, and, regardless of the waiting period set forth in the legislation itself, declaring the law effective immediately.
This would be an egregious violation of separation of powers principles, and I reject the invitation of both sides to venture down this path. The Court of Appeals identified the problem in Lopez less than six months ago, the legislature has already drafted and passed a bill to correct it, and it has only recently been submitted to the Governor for his signature. It would be completely inappropriate for a judge to circumvent the entire legislative process by invoking section 2-b (3). The statute was never intended to be used in such a way. (Accord People ex rel. Fortunato v Warden, George Motchan Detention Ctr., 48 Misc 3d 649, 657 [Sup Ct, Bronx County 2015].)
Moreover, it would be unnecessary to issue the order contemplated by both sides because this matter is not yet ripe *972 for disposition. After all, within a month after Lopez was decided, the Appellate Division, First Department, reaffirmed that the parole authorities are “required to determine petitioner’s mental competency before the parole revocation hearing could proceed” when, as here, “it appears that petitioner is not mentally competent and [is] incapable of participating in the parole revocation hearing or of assisting his counsel in doing so.” (Matter of Polzella v Evans, 128 AD3d 550, 550 [2015].) Here, the petition reveals that an administrative law judge rejected counsel’s request for a competency exam on the theory that there was “no mechanism” to do it. (See verified petition f 13.) Yet, it appears that after petitioner’s counsel obtained a psychological assessment, it was not submitted to parole authorities for consideration; instead, petitioner’s counsel sought an adjournment. (Id. 1 17.)
As the Polzella decision demonstrates, the parole authorities have an obligation to consider the claim by petitioner’s counsel that his client is mentally incapable to participate in the parole revocation hearing. Since it appears that petitioner’s counsel already has obtained a psychological examination and assessment, but never submitted it to the parole authorities, that material should be provided. After the material is supplied, Parole must, pursuant to Polzella and Lopez, make a determination as to petitioner’s mental capacity.
Inasmuch as petitioner requested an adjournment of the revocation proceeding, this matter is not ripe for adjudication. Nor will it be so until such time as Parole finally determines that it will not, in the face of a Court of Appeals decision to the contrary, consider petitioner’s assertion that he lacks the mental capacity to participate in the proceeding. The record is not sufficiently developed in that regard. Indeed, since petitioner requested an adjournment of the proceeding instead of presenting the assessment to Parole, this petition for a writ of habeas corpus is dismissed without prejudice.